UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HORST NITZER,

                           Petitioner,

      v.                                    **DECISION AND ORDER**
                                                      09-CR-195S

UNITED STATES OF AMERICA,                  12-CV-1261S

                           Respondent.

1.     Horst Nitzer executed a plea agreement on June 2, 2009 before Magistrate Judge Jeremiah McCarthy in which he pleaded guilty to both counts of a two-count Information. He admitted that, by conspiring to sell controlled substances and by possessing Social Security identification cards that he knew or should have known were stolen, he violated 21 U.S.C. § 846 and 18 U.S.C. § 1028(a)(6). Judge McCarthy recommended that this Court accept the plea; it did so on July 5, 2009. Thereafter, on October 13, 2010, this Court sentenced Nitzer to a term of 33 months imprisonment. Judgment was entered on October 26, 2010. He did not appeal his conviction.

2.     Over two years later, on December 17, 2012, Nitzer petitioned this Court for relief under 28 U.S.C. § 2255. Nitzer, a German citizen, initially sought to vacate his sentence only on the ground that his counsel was ineffective by failing to inform him of the immigration consequences of his plea. But through a supplemental submission he also contends that his conviction violated the Vienna Convention on Consular Relations. That motion is currently before this Court.

3.     28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their

sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

4. The ability to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" is, however, constrained by a statute of limitations. Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5. Keeping in mind that Nitzer filed his § 2255 motion on December 17, 2012, this Court will address each subsection seriatim.

6. First, Nitzer's judgment became final for the purposes of §2255 when the time to

appeal his conviction expired, which, under the Federal Rules of Appellate Procedure, is 14 days after judgment was entered on October 25, 2010. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); see also Fed. R. App. P. 4(b). That is well outside the one-year limitations period.

7.    Second, Nitzer does not contend that there was any "governmental action" that was an "impediment" to his ability to make the § 2255 motion. And even under a liberal reading, his petition raises no suggestion that the government impeded his ability to file the petition in any way.

8.    Third, Nitzer relies on Padilla v. Kentucky, where the Supreme Court held that an attorney's failure to advise a defendant that his plea of guilty made him subject to automatic deportation fell below an objective standard of reasonableness. 559 U.S. 356, 368, 130 S. Ct. 1473, 1483, 176 L. Ed. 2d 284 (2010). That case was decided in March of 2010 – also far before one year from that date of the petition.

9.    Finally, there can be no dispute that the facts leading to his claim that he was prejudiced by his counsel's failure to warn him of the possible immigration consequences "could have been discovered through the exercise of due diligence" even earlier – namely, at the plea hearing on June 2, 2009. There, he affirmed that he understood the plea agreement, which provided:

> The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the

> Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

(Plea Agreement, ¶ 17; Docket No. 52.)1

10. Judge McCarthy assured himself (and this Court was itself assured) that Nitzer understood this paragraph of the agreement. Judge McCarthy noted at the plea hearing that:

> Paragraph 17 deals with your alien status and provides that you understand that the effect of your conviction, the effect that, if any, that your conviction may have upon your immigration status will be determined by the Department of Homeland Security in a separate proceeding, and that you have had the opportunity to fully determine the consequences of your conviction upon your immigration status; is that correct, sir?

(Plea Hr'g Tr. at 12:2–9.)

Nitzer responded: "Yes, your Honor." (Id. at 12:10.)

11. This is not to say that the plea agreement or the colloquy at the plea hearing necessarily cured any deficient advice offered (if any was) by Nitzer's counsel. But it is sufficient to put "a duly diligent person in petitioner's circumstances" on notice that there are possibly serious immigration consequences and that his "status will be determined by the Department of Homeland Security in a separate proceeding." (See Plea Agreement, ¶ 17); Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000) ("proper task" is to determine when "a duly diligent person in petitioner's circumstances" would have discovered facts supporting the claims presented). But even if the plea agreement and

---

1 The presentence report further notes that he "acknowledge[d]" that he is not a citizen and that "his ability to enter, remain and/or reside in the United States is subject to the law, regulations and associated policies of the Department of Homeland Security." (PSR , at ¶ 4; Docket No. 86 (Sealed)).

4

plea colloquy were not enough, Nitzer "alleges no facts that explain why, with the exercise of due diligence, he could not have discovered the likely immigration effect of his conviction during th[e] period" from his conviction to the filing of this motion. Shmoukler v. United States, No. 08 CIV.3777 LAK, 2008 WL 4355378, at *2 (S.D.N.Y. Sept. 5, 2008). As the Shmoukler court found, "[t]hus, movant has not alleged that the date by which the relevant facts could have been discovered through the exercise of due diligence was later than the date on which the judgment of conviction became final." Id.

Accordingly, no matter which subsection of §2255(f) is applied, Nitzer's motion falls well outside the limitations period.

12. The "extraordinary" relief of equitable tolling does not save his claim. See Baldayaque v. United States, 338 F.3d 145, 151 (2d Cir. 2003).

In Holland v. Florida, the Supreme Court addressed the circumstances in which a federal habeas petitioner can invoke the doctrine of equitable tolling. 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). Holland held that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (citation and internal quotation marks omitted). Regardless of Nitzer's diligence, there is no evidence that there were extraordinary circumstances preventing him from filing a timely petition. The petition is therefore barred as untimely.

13. Because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of

the denial of a constitutional right, and it declines to certify this case as appealable. See 28 U.S.C. § 2253(c)(2). The Court does certify, under 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and it therefore refuses to permit Nitzer leave to appeal as a poor person. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Any further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

****

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate (Docket No. 91 of 09-CR-195) is DENIED.

FURTHER, that a certificate of appealability is DENIED.

FURTHER, that leave to appeal as a poor person is DENIED.

FURTHER, that the Clerk of Court is directed to close case number 12-CV-1261.

SO ORDERED.

Dated:   June 25, 2014
         Buffalo, New York

                                                      /s/William M. Skretny
                                                      WILLIAM M. SKRETNY
                                                      Chief Judge
                                                      United States District Court